QUESTIONS:
1. Can the Division of Ad Valorem Tax approve a budget wherein a property appraiser proposes to expend public funds to cover the cost of sending his employees to various schools and training courses with the purpose of obtaining Certified Florida Evaluator (CFE) designations, and then grant to such employees special qualification salaries as a result of having obtained the designation?
2. Can the Division of Ad Valorem Tax approve a budget wherein a county property appraiser proposes to expend public funds to cover his costs in attending various schools and training courses for the purpose of obtaining the Certified Florida Appraiser (CFA) designation, which designation automatically qualifies him for a special salary increase, as provided in s. 145.10(2), F. S.?
SUMMARY:
The Department of Revenue may approve a county property appraiser's budget containing expenditures for sending the appraiser to a Certified Florida Appraiser course conducted pursuant to ss. 195.002 and 145.10(2), F. S. Approval may be given to expenditures for sending certain employees of a property appraiser to a Certified Florida Evaluator course conducted pursuant to s. 195.002, provided the employing property appraiser certifies in writing that such employees are already qualified and trained for their positions and will be attending the course only to improve their efficiency in performing their official duties, and provided only those employees are sent whose duties pertain directly to the assessment of property. Public employees are assumed to be qualified to perform the duties of their positions as of the time they are hired.
The county property appraiser is specifically authorized by statute to receive a special qualification salary upon the completion of the Certified Florida Appraiser course. As to the employees of the county property appraiser, while there is no specific statutory provision authorizing automatic payment to an employee of a property appraiser — as opposed to the county property appraiser himself — of a special qualification salary, the amount to be paid a specific employee of a county property appraiser, in the future — absent a county civil service or job classification system — is subject to the sound and reasonable discretion of the property appraiser (and to Department of Revenue review), and that discretion might well include consideration of an employee's educational credits or training beyond those considered as basic education or training for the position filled.
As to those employees of county property appraisers who have already received, and are presently receiving, special qualification salary increments as previously approved by the Department of Revenue, they may continue to receive such increments, and such increments previously paid are not subject to reimbursement, because any amounts previously approved and funded for employees by the appraiser, funding authority and Department of Revenue are presumed to be in recognition of such employees' productivity and efficiency.
Section 195.087, F. S., provides for the submission of a county property appraiser's budget to the Division of Ad Valorem Tax of the Department of Revenue. Under s. 195.087(1)(a), the division may amend the budget if it finds the budget to be either inadequate or excessive. Such action by the division may be appealed by the property appraiser affected to the Governor and Cabinet sitting as the Administration Commission pursuant to s.195.087(1)(a). While considerable discretion is vested in the division as to the propriety of budget items, it is fundamental that the division may not, by the budget approval process, authorize the use of public funds by a property appraiser for a purpose not authorized by express or necessarily implied statutory authority.
Section 195.002, F. S., provides that the Department of Revenue `shall conduct schools to upgrade assessment skills of both state and local assessment personnel.' And in s. 145.10(2), F. S., it is provided:
 Special qualification salary shall be an additional $2,000 per year to each [property appraiser] who has met the requirements of the Department of Revenue and has been designated a certified Florida [property appraiser]. Any [property appraiser] who is certified during a calendar year shall receive in that year a pro rata share of the special qualification salary based on the remaining period of the year. The department shall establish and maintain a certified Florida [property appraiser] program. (Emphasis supplied.)
Under the above statutory provisions, it is clear that a county property appraiser who receives certification as a Certified Florida Appraiser upon completion of the requisite courses maintained by the Department of Revenue is entitled to a special qualification salary in the amount of $2,000 per year. However, neither of the above statutory provisions, nor any other statutory provision of which I am aware, specifically authorizes the payment of any special qualification salary to an employee of a county property appraiser based on attaining Certified Florida Evaluator certification.
I am also informed that the Department of Revenue has been authorizing payment to employees of county property appraisers of the special qualification salary for several years and that many such employees in the state have received, and are continuing to receive, such a salary increment.
While persons offering themselves for elective public office may not always have, at the time of their election, full expertise in all matters pertaining to the duties of the office, it is to be assumed that the person who is hired as an employee of such a public officer is already qualified and trained for his or her position when initially employed.
Of course, any employee may be compensated for his or her individual productivity or efficiency as determined appropriate by the property appraiser, subject to the funding authority and the Department of Revenue's review and approval, which productivity or efficiency after a reasonable period of time of job performance might have been stimulated by such educational training. Likewise, any amounts previously approved and funded for employees by the appraiser, funding authority, and the Department of Revenue are presumed to be in recognition of such employees' productivity and efficiency, are not subject to reimbursement, and may continue as such. As to future cases of employees completing the course, while there exists no specific statutory authority providing for special qualification salary for employees equivalent to that authority contained in s. 145.10(2) with regard to county property appraisers, the amount to be paid a specific employee of a county appraiser, in the future — absent a county civil service or job classification system — is subject to the sound and reasonable discretion of the property appraiser (and to Department of Revenue review), and that discretion can certainly consider the possession by an employee of educational credits or training beyond those considered as basic education or training for the position filled.
The expenditure of public funds to cover the cost of sending the appraiser and the appraiser's employees to courses leading to certification as Certified Florida Appraiser (in the case of the appraiser) and Certified Florida Evaluator (in the case of the employees of the appraiser), which courses are authorized by ss.195.002 and 145.10(2), supra, was addressed by one of my predecessors in office in AGO 064-136. The conclusion therein answers your question as follows:
 It is a proper expense of the office of the assessor of taxes to expend public moneys for the cost of the tax assessor and/or his deputies attending schools to take `short courses' covering various phases of up-to-date appraisal of real property, provided, however, it is not a proper expense of the office of tax assessor to expend public moneys for the initial schooling and training of those persons who are not in the first instance qualified to perform the duties for which they are employed. While we have answered your first question in the affirmative, the only training which is hereby authorized is that training which is designed to improve the efficiency of an otherwise qualified employee.
The difference between training which qualifies one for a particular position of employment and training which improves the efficiency of an otherwise qualified employee was also emphasized in AGO 062-97. It was therein stated:
 There is clearly no authority for expenditures from public funds to provide employee training or education of a formal nature, although such training may indirectly benefit the public. Public employees when employed should have the basic training necessary for their employment. There is no general rule which may be applied equally to all factual situations — each case must stand on its own — and in the consideration of each case the primary test to be applied is whether the training program is one which, although designed to improve the efficiency of the employee, will benefit the public. Unless the training will be of direct public benefit it may not be given, in the absence of specific legislative authority. Training and education of a formal nature for employees to fit them basically for the performance of their duties, as distinguished from training specifically designed to improve the efficiency of a qualified employee, may not be given at public expense. (Emphasis supplied.)
 Thus, under AGO 064-136, the Department of Revenue may approve a budget containing expenditures for sending the county property appraiser and certain assistants to those official courses authorized by ss. 195.002 and 145.10(2), F. S. However, as to the expenses of such courses with respect to the employees of the appraiser, the guidelines in AGO's 062-97 and 064-136 differentiating between training to qualify one for a position and training which merely improves the efficiency of an already qualified and trained employee must be strictly applied and followed. Inclusion in an appraiser's budget of an amount to cover the cost of sending an employee to such a course, or a voucher for payment of such a budgeted amount, should be accompanied by written certification by the property appraiser to the effect that the employee whose educational expenses are to be paid from public funds is already qualified for his or her position and that the training is only for the purpose of improving that employee's efficiency in performing official duties. It should also be emphasized that an employee may not be sent to a course at public expense unless that employee is engaged in duties, the performance of which would be made more efficient by the course. (In other words, an employee engaged solely in clerical or administrative functions, and who does not have any duties regarding the actual assessment of property, could not be sent at public expense to a course designed to increase the efficiency of employees engaged in assessing property. If such an employee were to be sent to such a course at public expense, it would have to be assumed that the purpose was to train that person for a position for which he or she was not already qualified; such an expenditure of public funds would be clearly unlawful under the guidelines set forth in AGO's 062-97 and 064-136.)
Prepared by: Staff